### Cleveland Jones, alias Will Johnson, v. The State.

#### No. 3907.    Decided January 12, 1916.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft under the value of fifty dollars by false pretenses and fraudulent representations, etc., the evidence was sufficient to sustain a conviction, there was no reversible error.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bills of exception were not filed in time, they could not be considered on appeal; besides, they did not present error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a misdemeanor theft; penalty, a fine of $25 and one year confinement in the county jail.

The opinion states the case. The defendant was charged by complaint and information with plain theft in one count, and theft by false and deceitful pretenses, devices and fraudulent representations, in another count.

*G. Q. Youngblood,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of a misdemeanor, and his punishment assessed at a fine of $25 and one year confinement in the county jail.

We have read the statement of facts and it amply supports the verdict. The evidence for the State would show that appellant approached S. A. Hamra and offered to sell him four sacks of sugar for $20; that Hamra agreed to buy the sugar, but would only pay $18 for it; that appellant, or someone then telephoned the wholesale house of Blair-Hughes Company that Bodeker's Ice Cream Company desired four sacks of sugar, and would send a wagon for it. Appellant then approached Alex Hampden, who drives an express wagon, and employed him to go to Blair-Hughes Company and get the sugar, and instructed him to carry it to Hamra's grocery store. Hampden got the sugar from Blair-Hughes Company and carried it to Hamra's. Hamra says he paid appellant $18 for the sugar. Appellant denies telephoning Blair-Hughes Company; says Hamra did so, but he admits employing Hampden to haul the sugar, and that Hamra paid him $10, saying that Hamra paid him this for aiding him in working the scheme. If his statement was true we think his testimony would constitute him a principal offender, and under any and all phases of the testimony he would be guilty.

The bills of exception were not filed within the time allowed by the court, nor for some days thereafter, therefore they can not be considered. We have read each of them, however, and as qualified and approved by the court none of them would present error.

The judgment is affirmed.

*Affirmed.*